UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH G. CHARRON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:06-CV-1375-TCM |
| | ) | |
| JAMES PURKETT, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER AND MEMORANDUM

This matter is before the Court upon petitioner's application for a writ of habeas corpus [Doc. #1].

### Background

Petitioner, an inmate at the Eastern Reception & Diagnostic Correctional Center, seeks habeas corpus relief pursuant to 28 U.S.C. § 2241. A state prisoner, however, may only seek habeas relief pursuant to 28 U.S.C. § 2254. See Crouch v. Norris, 251 F.3d 720 (8th Cir. 2001). As such, the Court will liberally construe the instant action as an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner, a citizen of Canada, was convicted on February 21, 1986, in the Circuit Court of the City of St. Louis, Missouri, of forcible rape, robbery, and burglary; he presently is serving combined sentences totaling life plus sixty years. See Charron v. Purkett, No. 4:03-CV-1607-CDP-FRB (E.D. Mo.). Petitioner does not state whether he appealed his conviction and sentence or otherwise filed a motion for post-conviction relief; however, in 1996, petitioner requested that the State of Missouri transfer him into Canadian custody pursuant to the Treaty Between the

United States of America and Canada on the Execution of Penal Sentences, 20 U.S.T. 6263. Id. The Governor of Missouri denied petitioner's transfer request, and the Missouri Court of Appeals affirmed the denial of petitioner's writ of habeas corpus challenging the state's refusal to transfer him to Canada. Id. Petitioner subsequently filed a petition for a writ of habeas corpus in federal court, again challenging the denial of his transfer to Canada. The petition was denied on September 23, 2005. Id.

In addition, on May 18, 2004, petitioner filed with the St. Louis Circuit Court a motion titled "Motion to Set Aside and Vacate Illegally Entered Conviction(s) and Sentence(s)," apparently on the ground that a Missouri statute was unconstitutional. The circuit court denied the motion on June 21, 2004. Petitioner states that on April 8, 2004, he filed a class action writ of habeas corpus in the St. Francois County Circuit Court, challenging the conditions of his confinement. In that action, he again challenged the validity of his conviction and sentence based upon the unconstitutionality of the same Missouri statute. Petitioner states that "[r]elief was denied . . . without affording [him] any hearing on his federal constitutional claim(s)." Thereafter, in September 2004, petitioner filed writs of habeas corpus in the Missouri Court of Appeals and Missouri Supreme Court, which also were denied. On October 26, 2004, petitioner filed in the Missouri Supreme Court a motion to set aside judgment, and the Court "refused to allow this final motion to be filed." In the instant action, petitioner challenges "the [S]tate of Missouri's failure to afford [him] the right under the Fourteenth Amendment and the Supremacy Clause to present and be heard, on federal constitutional claims, relating to his criminal conviction." As such, petitioner is challenging the validity of his confinement, a claim cognizable under 28 U.S.C. § 2254. See Preiser v. Rodriguez, 411 U.S. 475, 490 (1973).

Both 28 U.S.C. § 2243 and Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provide that a district court may summarily dismiss a habeas petition if it plainly appears that the petitioner is not entitled to relief. A review of the instant petition indicates that it is time-barred under 28 U.S.C. § 2244(d)(1)[1] and is subject to summary dismissal. Petitioner was convicted in February 1986, and as previously noted, there is no indication that he filed a direct appeal or motion for post-conviction relief. Even affording petitioner the benefit of the one-year grace period under the Antiterrorism and Effective Death Penalty Act, he would be time-barred from litigating the instant petition, because it was submitted to the Court for filing well after April 24, 1997. See Moore v. United States, 173 F.3d 1131, 1135 (8th Cir. 1999) (one-year grace period ends April 24, 1997). Moreover, the filing of a state and/or federal habeas petition cannot resurrect an otherwise procedurally defaulted claim. Cf. Anderson v. White, 32 F.3d 320, 321 n.2 (8th Cir. 1994)(filing of Rule 91 state habeas petition cannot resurrect an otherwise procedurally defaulted claim). Petitioner does not allege that the limitation period should be equitably tolled to allow him to file the instant petition.

Therefore,

**IT IS HEREBY ORDERED** that no order to show cause shall issue at this time as to respondent, because the instant petition appears to be time-barred under 28 U.S.C. § 2244(d)(1).

**IT IS FURTHER ORDERED** that petitioner shall show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss the instant application for a writ

---

[1]Section 101 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (enacted on April 24, 1996), amended 28 U.S.C. § 2244 by adding a one-year limitations period to petitions for writs of habeas corpus.

of habeas corpus as time-barred. Petitioner's failure to file a show cause response shall result in the

denial of the instant habeas corpus petition and the dismissal of this action as time-barred.


/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 6th day of November, 2006.