UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH G. CHARRON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:06-CV-1375-TCM |
| | ) | |
| JAMES PURKETT, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER AND MEMORANDUM**

This matter is before the Court upon review of petitioner's "Answer to Show Cause Order" [Doc. #3].

**Background**

On November 6, 2006, this Court entered an Order and Memorandum instructing petitioner to show cause as to why the Court should not dismiss the instant application for a writ of habeas corpus as time-barred [Doc. #2].[1] In his response, petitioner claims that he is not challenging his underlying criminal judgment or sentence, and that the sole issue is "whether the Fourteenth

---

[1] Specifically, the Court noted that petitioner was convicted on February 21, 1986, in the Circuit Court of the City of St. Louis, Missouri, and that he presently is serving combined sentences totaling life plus sixty years. In addition, the Court noted that in 2004, petitioner filed in state court numerous motions and habeas petitions, challenging the validity of his conviction and sentence based upon the unconstitutionality of a Missouri statute. Petitioner stated that, in the instant action, he was challenging "the [S]tate of Missouri's failure to afford [him] the right under the Fourteenth Amendment and the Supremacy Clause to present and be heard, on federal constitutional claims, relating to his criminal conviction." As such, the Court found that petitioner was, in fact, challenging the validity of his confinement, a claim cognizable under 28 U.S.C. § 2254. See Preiser v. Rodriguez, 411 U.S. 475, 490 (1973). Because petitioner was convicted in February 1986, and there was no indication that he had filed a direct appeal or motion for post-conviction relief, it appeared that he was time-barred from litigating the instant petition, because it was submitted to the Court for filing well after April 24, 1997. See Moore v. United States, 173 F.3d 1131, 1135 (8th Cir. 1999) (one-year grace period ends April 24, 1997).

Amendment requires that the [S]tate of Missouri afford state prisoners [petitioner] some adequate corrective process for the hearing and determination of claims of violation of federal constitutional guarantees." He further states that he is not requesting habeas corpus relief under 28 U.S.C. § 2254, but rather 28 U.S.C. § 2241.[2] Petitioner asks this Court to find that (1) the Fourteenth Amendment and Supremacy Clause guarantee a constitutional right of access to state court to present federal constitutional claims; (2) the State of Missouri failed to provide him access to the state courts "for the purpose of hearing and determining federal constitutional claims"; and (3) the constitutional violations are "the catalyst for [petitioner] being held in violation of the United States Constitution, as required under . . . § 2241."

Having carefully reviewed petitioner's response to show cause, the Court concludes that the instant action is time-barred under 28 U.S.C. § 2244(d)(1)[3] and is subject to summary dismissal. Petitioner claims that, in 2004, the State of Missouri failed to grant him a hearing on his challenges to the constitutionality of a state statute; however, the instant action was not filed until September 13, 2006, well after the expiration of the one-year statute of limitations.[4] Petitioner has

---

[2]Petitioner brought his action for habeas corpus relief pursuant to 28 U.S.C. § 2241. In its Order and Memorandum of November 6, 2006, this Court explained that it would liberally construe the instant action as an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, because a state prisoner may only seek habeas relief pursuant to 28 U.S.C. § 2254. See Crouch v. Norris, 251 F.3d 720 (8th Cir. 2001).

[3]Section 101 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (enacted on April 24, 1996), amended 28 U.S.C. § 2244 by adding a one-year limitations period to petitions for writs of habeas corpus.

[4]Specifically, petitioner states that on May 18, 2004, he filed with the St. Louis Circuit Court a motion titled "Motion to Set Aside and Vacate Illegally Entered Conviction(s) and Sentence(s)," apparently on the ground that a Missouri statute was unconstitutional. The circuit court denied the motion on June 21, 2004. Petitioner states that on April 8, 2004, he filed a class action writ of habeas corpus in the St. Francois County Circuit Court, challenging the conditions

advanced no grounds for equitable tolling.

Therefore,

**IT IS HEREBY ORDERED** that no order to show cause shall issue as to respondent, because the instant petition is time-barred under 28 U.S.C. § 2244(d)(1).

**IT IS FURTHER ORDERED** that petitioner's application for a writ of habeas corpus is **DENIED**.

An appropriate order shall accompany this order and memorandum.

Dated this 5th day of December, 2006.

                                                      _/s/ Catherine D. Perry_
                                               **UNITED STATES DISTRICT JUDGE**

---

of his confinement. In that action, he again challenged the validity of his conviction and sentence based upon the unconstitutionality of the same Missouri statute. Petitioner states that "[r]elief was denied . . . without affording [him] any hearing on his federal constitutional claim(s)." Thereafter, in September 2004, petitioner filed writs of habeas corpus in the Missouri Court of Appeals and Missouri Supreme Court, which also were denied. On October 26, 2004, petitioner filed in the Missouri Supreme Court a motion to set aside judgment, and the Court "refused to allow this final motion to be filed."